FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 23 PM 3: 20

U.S. DISTRICT COURT
OF FL

DISABLED PATRIOTS OF AMERICA, INC., a :
Florida Non Profit Corporation, and Jill Caruso, :
Individually, :
                                      :

           Plaintiffs, :   Case No.

                                    :   6:09-CV-704-ORL-35 KRS

v. :

INTERSTATE HOTELS & RESORTS, INC., A :
Foreign Corporation, :
                                        :

           Defendant. :
_____/ :

## COMPLAINT
### (Injunctive Relief Demanded)

Plaintiffs, DISABLED PATRIOTS OF AMERICA, INC., a Florida Non Profit Corporation,

and Jill Caruso, Individually, on their behalf and on behalf of all other individuals similarly situated,

(sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, INTERSTATE

HOTELS & RESORTS, INC., A Foreign Corporation, (sometimes referred to as "Defendant"), for

Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with

Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and Florida Accessability Code ("FAC").

1.     Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a non-profit corporation formed

under the laws of the State of Florida. DISABLED PATRIOTS OF AMERICA, INC.

maintains its principal office at 702 North E. Street, Lake Worth, FL 33460, in the County

of Palm Beach.

2.     Defendant's property, Sheraton Safari Hotels & Suites, 12205 S. Apopka - Vineland Road,

Orlando, FL 32836, is located in the County of Osceola.

3.     Venue is properly located in the MIDDLE DISTRICT OF FLORIDA  because venue lies in

the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5.     Plaintiff Jill Caruso is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Jill Caruso has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered her safety. The Plaintiff is also a member of the Plaintiff organization, DISABLED PATRIOTS OF AMERICA, INC., discussed below in paragraph 6.

6.     Plaintiff DISABLED PATRIOTS OF AMERICA, INC., is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. DISABLED PATRIOTS OF AMERICA, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until

2

the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. DISABLED PATRIOTS OF AMERICA, INC. has also been discriminated against because of its association with its disabled members and their claims.

7.    Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Sheraton Safari Hotels & Suites, 12205 S. Apopka - Vineland Road, Orlando, FL 32836.

8.    DISABLED PATRIOTS OF AMERICA, INC. and Jill Caruso have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA and FAC with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA and FAC by the Defendant. Jill Caruso desires to visit Sheraton Safari Hotels & Suites not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA and FAC so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9.    The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

3

10.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in

violation of the ADA and FAC by failing to, inter alia, have accessible facilities by January

26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts

of $500,000 or less). A preliminary inspection of Sheraton Safari Hotels & Suites has shown

that violations exist.  These violations include, but are not limited to:

**Parking**

1.  There are disabled use spaces that do not have clear and level access aisles provided,
violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

2.  There is a passenger unloading area provided for public use without designating an area
for disabled use in violation of Section 4.6.6 of the ADAAG whose resolution is readily
achievable.

**Entrance Access and Path of Travel**

1.      There are curb ramps at the facility that contain excessive slopes, side slopes or cross
slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG whose resolution is readily
achievable.

2.  The doors at several of the building entrances are fitted with inaccessible   hardware at
the facility, in violation of Section 4.13.9 of the ADAAG whose resolution is readily
achievable.

3.  There are stairs provided at the facility that do not comply with the standards prescribed
in Section 4.9 of the ADAAG whose resolution is readily achievable.

4.  There are elevators provided at the facility that do not comply with the standards
prescribed in Section 4.10 of the ADAAG whose resolution is readily achievable.

**Access to Goods and Services**

1.  There are counters throughout the facility in excess of 36", in violation of Section 7.2(1)
of the ADAAG whose resolution is readily achievable.

4

2.  There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG whose resolution is readily achievable.

3.  There are protruding objects present throughout the facility, in violation of Section 4.4 of ADAAG whose resolution is readily achievable.

4.  There is an ATM provided for public use that does not comply with the requirements of Section 4.34 of the ADAAG whose resolution is readily achievable.

## Restrooms

1.  There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

2.  The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG whose resolution is readily achievable.

3.  The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.

4.  There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG whose resolution is readily achievable.

5.  There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG whose resolution is readily achievable.

6.  The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG whose resolution is readily achievable.

7.  There are dispensers provided for pubic use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

8.  Some of the restrooms do not provide the required amenities for public use violating the provisions of the ADAAG whose resolution is readily achievable.

9.  Some of the restrooms do not provide the required latch side clearance  violating the provisions of the ADAAG whose resolution is readily achievable.

## Accessible Guest Rooms

5

1. There are rooms for public lodging at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

2. There is no clear path of travel provided between all elements in the disabled room. This is in violation of Sections 4.3 and 9 of the ADAAG whose resolution is readily achievable.

3. There are barriers to access in the guestrooms designated for disabled use in violation of several Sections of the ADAAG, whose resolution is readily achievable.

4. The rooms designated for disabled use provide elements with controls and/or dispensers outside of the required reach ranges violating Sections 4.2 and 9 of the ADAAG whose resolution is readily achievable.

5. The fixtures in the disabled use room have controls that cannot be operated with a closed fist in violation of the ADAAG whose resolution is readily achievable.

6. The rooms designated for disabled use do not provide elements equipped for use by the hearing and/or 'visually impaired violating Section 9 of the ADAAG whose resolution is readily achievable.

7. The grab-bars in the restroom provided in the room designated as accessible do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.

8. The dispensers provided in the restroom provided in the room designated as accessible are in violation of the requirements in Section 4.19 and 4.27 of the ADAAG whose resolution is readily achievable.

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA and FAC violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and FAC and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals

6

similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA and FAC as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act and FAC .

12.     Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

7

13.  Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14.  Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA and FAC .

15.  Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

16.  Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Sheraton Safari Hotels & Suites to make those facilities readily accessible and useable

8

to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a.   The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.   Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.   An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

9

d.     Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Thomas B. Bacon, P.A.
Attorney-At-Law
4868 S.W. 103rd Ave.
Cooper City,   FL 33328
954-478-7811
tbb@thomasbaconlaw.com
Florida Bar. Id. No. 139262

By:

        Thomas B. Bacon, Esq.

10